St. Louis-San Francisco Railway Company *v.* Robinson.

Opinion delivered October 24, 1927.

Carriers—diversion of interstate shipment.—Under the rules of the Interstate Commerce Commission, the request of a shipper for diversion of an interstate shipment must either be in writing or confirmed in writing, and the shipper cannot recover for the carrier's failure to divert a car pursuant to his oral request.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*E. T. Miller* and *Warner, Hardin & Warner,* for appellant.

*Roy Gean,* for appellee.

Humphreys, J. Appellees brought this suit against appellant in the circuit court of Crawford County to recover damages in the sum of $461.49 for a car of potatoes shipped from Wister, Oklahoma, to Minneapolis, Minnesota, instead of Indianapolis, Indiana, upon several alleged grounds of negligence, all of which were abandoned except the allegation that appellant negligently failed to divert the car to Indianapolis while enroute. To this ground of alleged negligence appellant inter-

posed the defense that the shipment was governed by rules of the Interstate Commerce Commission, which pro: vide that "a request for diversion or reconsignment must be made or confirmed in writing, and that orders for diversion or reconsignment which specify that either rate is to be protected will not be considered as obligating carriers to protect other than the lawful rate in these rules."

The undisputed testimony in the case was to the effect that the request to divert the shipment was oral, and that there was no written confirmation thereof. Based upon this testimony, appellant asked for a peremptory instruction, which was refused, over appellant's objection and exception. The cause was submitted to a jury upon the testimony and instructions, resulting in a verdict and consequent judgment in favor of appellees for the full amount sought to be recovered, from which an appeal has been duly prosecuted to this court.

Appellees attempt to sustain the judgment on the theory that the tariff contained in the rules of the Interstate Commerce Commission governing the diversion of carload shipments enroute does not apply to perishable products, such as potatoes, onions, etc. They say that fresh or green fruits, fresh or green vegetables (including potatoes and onions) and fresh berries and melons are excepted specifically from the tariff or rules. We do not so interpret the tariff or rules. The exception referred to by appellees relates to rates and charges and not to diversion of shipments enroute. A request for diversion in shipments must be either in writing or confirmed in writing.

In *Keogh* v. *C. & N. W. R. Co.,* 260 U. S. 156, 43 S. Ct. 47, 67 L. ed. 183, in discussing the legal rights of a shipper against an interstate carrier, the Supreme Court of the United States said:

"The rights, as defined by the tariff, cannot be varied or enlarged by either contract or tort of the carrier (citing numerous authorities). This stringent rule prevails because otherwise the paramount purpose

of Congress—prevention of unjust discrimination—might be defeated.''

In *Missouri Pacific* v. *Wellborn & Walls*, 170 Ark. 469, 280 S. W. 18, this court held (quoting syllabus):

''The rights of a shipper as against an interstate carrier are measured by the published tariff filed with the Interstate Commerce Commission, and the rights as defined by the tariff cannot be varied or enlarged by either the contract or tort of the carrier.''

On account of the error indicated the judgment is reversed, and the cause is dismissed.